IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-00918-PAB

TERRI COLEMAN,

      Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

      Defendant.
_____

**ORDER**
_____

This matter comes before the Court on the Complaint [Docket No. 1] filed by plaintiff Terri Coleman on April 23, 2016. Plaintiff seeks review of the final decision of defendant Nancy A. Berryhill (the "Commissioner") denying her claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).[1]

## I. BACKGROUND

On May 3, 2013, plaintiff applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Act. R. at 10. Plaintiff alleged that she had been disabled since April 4, 2013. *Id*. After an initial administrative denial of her claim, plaintiff received a hearing before an Administrative Law Judge ("ALJ") on October 30, 2014. *Id*. On November 21, 2014, the ALJ issued a

---

[1]The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

decision denying plaintiff's claim. *Id.* at 10-24. The ALJ found that plaintiff had the following severe impairments: mild neurological disorder, adjustment disorder with depressed mood, and mild degenerative disc disease within the lumbar spine with additional references to sciatica. *Id*. at 12-13. The ALJ concluded that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, *id*. at 14, and found that plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant is able to lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently. The claimant is able to stand and/or walk about six hours out of an eight-hour workday. The claimant has no limitations regarding sitting. The claimant is able to frequently climb ramps and stairs as well as balance. The claimant does not require the use of an assistive device for ambulation. The claimant should not work around hazardous heights or climb ladders, ropes or scaffolds. The claimant cannot be required to operate machinery involving dangerous mechanical parts. The claimant is able to understand, remember and carry out tasks learned in up to six months.

*Id*. at 16. Based upon this RFC, the ALJ concluded that plaintiff was incapable of performing her past relevant work as a substance abuse counselor. *Id*. at 21. However, the ALJ, in reliance on the testimony of a vocational expert ("VE"), concluded that plaintiff had the RFC to perform the requirements of office helper, ticket taker, and mail clerk. *Id*. at 22.

On March 2, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's denial of her claim. *Id.* at 1. Given the Appeals Council's denial, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B. The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable

physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity

4

(RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

## C. The ALJ's Decision

Plaintiff argues that the ALJ erred by (1) finding that plaintiff could perform light work requiring her to lift 20 pounds occasionally; (2) failing to base her findings regarding plaintiff's credibility on substantial evidence; and (3) finding that plaintiff had the RFC to perform semi-skilled work that could take up to six months to learn. Docket No. 14 at 5.

### *1. Plaintiff's Ability to Perform Light Work*

The ALJ determined that plaintiff was able to perform light work.[2] R. at 16. Light work is defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

---

[2]Had the ALJ determined that plaintiff was unable to perform light work, plaintiff would have been found disabled at step five under Medical Vocational Disability Rule 201.14 in light of her age, educational attainment, and work history. *See* 20 C.F.R. § 404, Subpt. P, App. 2.

5

20 C.F.R. §§ 404.1567(b), 416.967(b).  The term "light work" as used in the Social Security Act has the same meaning as it has in the Dictionary of Occupational Titles ("DOT"), published by the Department of Labor.  See 20 C.F.R. §§ 404.1567, 416.967.  The DOT states that light work involves "[E]xerting up to 20 pounds of force occasionally."  DOT, 706.684-022.  "'Occasionally' means occurring from very little up to one-third of the time."  SSR 83-10, 1983 WL 31251, at *5 (1983).  In support of her determination that plaintiff could lift 20 pounds occasionally, the ALJ relied on plaintiff's work caring for her seven-month-old grandson, who weighed 17 pounds at the time, stating that "the claimant's babysitting duties clearly support the ability to carry/lift up to 20 pounds on an occasional basis."  R. at 18.

Plaintiff argues that the ALJ's RFC determination contradicts the findings of Dr. Sam Rubinson, the consultative examiner who examined plaintiff.  Docket No. 14 at 14-16.  Plaintiff states that "the only medical expert to opine on the subject, [Dr. Rubinson], opined that she could only lift 10 pounds."  Id. at 14.  Dr. Rubinson found that plaintiff "appears to be able to lift and carry up to 10 pounds frequently" and that plaintiff "does not appear to have any manipulative restrictions, although numbness of her left palm may interfere with some gross manipulation."  R. at 312-13.  Dr. Rubinson's report makes no reference to the amount that plaintiff can lift occasionally.  Thus, the ALJ's RFC determination regarding plaintiff's ability to lift 20 pounds occasionally did not contradict Dr. Rubinson's finding.  As plaintiff concedes, no other medical evidence in the record supports plaintiff's claim that she cannot lift 20 pounds occasionally.  See Docket No. 14 at 15.

6

Plaintiff additionally argues that the ALJ disregarded plaintiff's testimony in making the RFC determination. Docket No. 14 at 14. Plaintiff claims "it was difficult for her to lift her grandson and that she could not always do so . . . she was 'leery' of stumbling with him, and that she normally did not take him out of the house." *Id.* The Court finds that the ALJ relied on substantial evidence in support of her conclusions regarding plaintiff's RFC. The ALJ discussed plaintiff's testimony, noting that plaintiff stated that she babysat her seven-month-old grandson forty hours per week. R. at 18. The ALJ acknowledged that "[plaintiff] did outline concerns since she has stumbled while holding the child and has difficulty standing when changing him," R. at 17, but noted that "[plaintiff] did not allude[] to any incidents resulting in or near-injury to the infant" and "she has not used any prescribed medications to address her allegations." *Id.* at 18. It was reasonable for the ALJ to infer that plaintiff was capable of lifting 20 pounds occasionally given the entirety of plaintiff's description of her childcare duties and in light of the other evidence the ALJ cited.

### 2. *Plaintiff's Subjective Complaints and Credibility*

Plaintiff argues that the ALJ failed to cite factors based on substantial evidence to support her finding that plaintiff was "not credible." Docket No. 14 at 17. "Credibility determinations are peculiarly the province of the finder of fact, and [the Court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).

The ALJ stated that, "[h]aving considered the claimant's subjective statements in conjunction with the objective evidence summarized above and discussed in earlier

7

Findings, the undersigned finds the claimant's subjective complaints and allegations are not credible." R. at 17. The ALJ acknowledged plaintiff's pain and cognitive changes, but she discounted the severity of these complaints in light of plaintiff's daily activities. *Id.* at 17-18. In particular, the ALJ found inconsistencies between plaintiff's stated limitations and her ability to care for her seven-month-old grandson for forty hours a week. *Id.* at 18. In addition, the ALJ found that, while plaintiff has reported and been observed as unsteady, she has not regularly used a cane since 2013 and has not used medication to address her "neuropathic complaints." *Id.* In making her credibility determination, the ALJ provided an analysis that relied on substantial evidence. *Id.* at 16-18. The Court must therefore accept the ALJ's weighing of the evidence and credibility determinations. *Boone v. Apfel*, 1999 WL 668253, at *3 (10th Cir. Aug. 26, 1999) (unpublished).

### 3. Dr. Leidal's Opinion

Dr. Frederick G. Leidal, a consultative psychologist, opined that plaintiff would have "mild-moderate" impairments in understanding and carrying out complex instructions and in her ability to make judgments on complex work-related decisions. R. at 388. The ALJ stated that "Dr. Leidal did not specifically define how he was using the term 'complex.' It is unclear whether he intended this to include skilled as well as semi-skilled . . . a reasonable interpretation is that Dr. Leidal did not intend to preclude the claimant from engaging in semi-skilled tasks." *Id*. at 20. Based on this interpretation, the ALJ concluded that plaintiff was capable of performing work that could be learned within a six-month period. *Id.* Plaintiff argues that, because the ALJ found Dr. Leidal's

8

opinion to be unclear, the ALJ was obligated to obtain additional expert testimony or re-contact Dr. Leidal. Docket No. 14 at 19.

The ALJ determined that plaintiff was not disabled at step five because plaintiff could perform multiple unskilled jobs – jobs that require two months to learn. R. at 22 (listing three jobs that require two months to learn); *see also* SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000) (stating that jobs requiring two months to learn are "unskilled" within the meaning of the DOT). Dr. Leidal's opinion, however it is construed, does not support a finding that plaintiff is incapable of performing "unskilled" work. Even if the ALJ should have consulted Dr. Leidal to clarify the meaning of "complex," any error was harmless because the ALJ did not rely upon plaintiff's ability to perform semi-skilled work. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 730 (10th Cir. 2005) (holding that remand is not required where, "reading [] the ALJ's decision as a whole," remand would needlessly prolong administrative proceedings).

## III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the decision of the Commissioner is **AFFIRMED**.

DATED March 6, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge